UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN THOMAS MACKLIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-25-974-G |
| | ) |
| CASEY HAMILTON, Warden, | ) |
| | ) |
| Respondent. | ) |

# ORDER

On August 27, 2025, Petitioner Kevin Thomas Macklin, a state prisoner appearing pro se, filed a petition seeking federal habeas corpus relief under 28 U.S.C. § 2254. *See* Pet. (Doc. No. 1). In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Suzanne Mitchell for initial proceedings.

On September 18, 2025, Judge Mitchell issued a Report and Recommendation (Doc. No. 5), in which she recommended dismissal of the pleading as an unauthorized second or successive habeas petition. *See* 28 U.S.C. § 2244(b); *see also In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . 28 U.S.C. § 2254 claim until [the Tenth Circuit] has granted the required authorization."). Judge Mitchell further determined that transfer was not in the interest of justice. *See* R. & R. at 6-7.

In the Report and Recommendation, Judge Mitchell advised Petitioner of his right to object to the Report and Recommendation by October 9, 2025. Judge Mitchell also advised that a failure to timely object would constitute a waiver of the right to appellate

review of the factual findings and legal conclusions contained in the Report and Recommendation.

As of this date, Petitioner has not submitted an objection to the Report and Recommendation or sought leave for additional time to do so.

## CONCLUSION

Accordingly, the Report and Recommendation (Doc. No. 5) is ADOPTED in its entirety. The Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. No. 1) is DISMISSED without prejudice for lack of jurisdiction. A separate judgment shall be entered.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review, the Court concludes that the requisite standard is not met in this case. Thus, a certificate of appealability is DENIED.

IT IS SO ORDERED this 21st day of November, 2025.

_____
CHARLES B. GOODWIN
United States District Judge